# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO GARCIA,<br><br>          Plaintiff,<br><br>     v.<br><br>PETER BOK HWANGBO, et al.,<br><br>          Defendants. | Case No. CV 20-9343 FMO (GJSx)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

      On October 20, 2020, the court issued its Standing Order Re: ADA Accessibility Cases (see Dkt. 9, Court's Order of October 20, 2020), which ordered plaintiff to file a proof of service demonstrating service of the Complaint on all parties "within 93 days of the filing of the case absent a previously approved extension of time by the court." (Id. at 2). The court admonished plaintiff that "failure to file the proof of service within 93 days after the filing of the case shall result in the dismissal of the action and/or the defendant that has not appeared in the case and for which plaintiff has not filed a proof of service." (Id.) (citing Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962)).

      Here, plaintiff filed this action on October 12, 2020. (See Dkt. 1, Complaint). Accordingly, plaintiff was required to file a proof of service demonstrating service of the complaint on Peter Bok Hwangbo ("defendant"), the sole remaining defendant in this action, no later than January 13,

2021.  (See Dkt. 9, Court's Order of October 20, 2020, at 2).  No such proof of service has been filed as of the date of this Order.  (See, generally, Dkt.).

      Rule 4(m) of the Federal Rules of Civil Procedure provides that a court, on its own initiative, "must dismiss the action without prejudice" if service is not effected "within 90 days after the complaint is filed[.]"  In addition, a district court may dismiss an action for failure to prosecute or to comply with court orders.  Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386 (1962) (authority to dismiss for failure to prosecute necessary to avoid undue delay in disposing of cases and congestion in court calendars); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 506 U.S. 915, 113 S.Ct. 321 (1992) (district court may dismiss action for failure to comply with any court order).  Dismissal, however, is a severe penalty and should be imposed only after consideration of the relevant factors in favor of and against this extreme remedy.  Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir.1986).  These factors include: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik, 963 F.2d at 1260-61); see Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 891 (9th Cir. 2019) ("By its plain text, a Rule 41(b) dismissal . . . requires 'a court order' with which an offending plaintiff failed to comply.").  "Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors and [the Ninth Circuit] may review the record independently to determine if the district court has abused its discretion."  Ferdik, 963 F.2d at 1261.

      Pursuant to Rules 4(m) and 41(b), and in light of the Pagtalunan factors, the court is persuaded that this action should be dismissed for failure to effect service within the specified time and comply with the Court's Order of October 20, 2020.  Plaintiff's failure to timely file a proper and legally sufficient proof of service hinders the court's ability to move this case toward disposition and indicates that plaintiff does not intend to litigate this action.  In other words, plaintiff's "noncompliance has caused [this] action to come to a complete halt, thereby allowing [her] to

control the pace of the docket rather than the Court." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (internal quotation marks omitted).  Further, plaintiff was warned that failure to file a valid proof of service would result in a dismissal of the action for lack of prosecution and failure to comply with a court order.  (See Dkt. 9, Court's Order of October 20, 2020, at 2); see also Ferdik, 963 F.2d at 1262 ("[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the consideration of alternatives requirement.") (internal quotation marks omitted).  Thus, having considered the Pagtalunan factors, the court is persuaded that the instant action should be dismissed for failure to timely effect service, failure to comply with a court order, and failure to prosecute.

     Based on the foregoing, IT IS ORDERED that judgment be entered dismissing this action, without prejudice, for failure to timely effect service, failure to prosecute, and failure to comply with the orders of the court.

Dated this 15th day of January, 2021.

                                         /s/
                         Fernando M. Olguin
                       United States District Judge